NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3404

JUDITH C. NICHOLS
(now known as Judith C. Calhoun),

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Donald Sears, Jr., Martin E. Threet & Associates, of Albuquerque, New Mexico, for petitioner.

Calvin M. Morrow, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Stephanie M. Conley, Acting Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3404

JUDITH C. NICHOLS
(now known as Judith C. Calhoun),

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: November 8, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and LINN, <u>Circuit Judge</u>.

PER CURIAM.

Judith C. Nichols ("Nichols") challenges the Merit Systems Protection Board's ("Board") order 1) dismissing her petition for review of a January 26, 2004 initial decision and 2) denying her petition for review of a February 14, 2006 initial decision. We <u>affirm</u>.

I

Nichols filed three appeals arising from her employment with the Air Force. The parties reached a settlement, and the administrative judge dismissed the appeals on January 26, 2004, entering the acceptance of a settlement agreement into the record. Subsequently, Nichols filed for disability retirement. After receiving a final decision from

the Office of Personnel Management ("OPM") disallowing her claim, Nichols filed an appeal of OPM's decision with the Board. However, she withdrew this appeal on February 23, 2005.

On December 28, 2005, Nichols filed a petition for enforcement, asserting the Air Force had breached the settlement agreement. Nichols claimed the Air Force had breached the agreement by failing to use its best efforts to assist her in applying for disability retirement. The administrative judge ordered Nichols to show good cause as to why she waited approximately ten months after the withdrawal of her disability retirement appeal to file her petition for enforcement. In response, Nichols asserted that she filed her petition for enforcement within a reasonable time and that there was no prejudice to the Air Force. On February 14, 2006, the administrative judge issued an initial decision dismissing the petition for enforcement as untimely filed because Nichols had failed to show good cause for her delay in filing.

On March 20, 2006, Nichols filed a petition for review of the February 2006 initial decision, claiming that her petition for enforcement was timely filed. The petition for review also asserted, for the first time, that the settlement agreement was invalid because of fraud and/or misrepresentation. The Board interpreted this petition as seeking review of both the January 2004 and the February 2006 initial decisions. The Board informed Nichols that her petition for review of the January 2004 initial decision was untimely, because it should have been filed by March 1, 2004, and instructed her to file a motion for waiver of the filing time limit establishing that she had good cause for her untimely filing. In response, Nichols filed a motion to waive the time limit on the grounds that she filed her petition within a reasonable time of discovering the Air

Force's fraud and that she has suffered from various medical conditions that impaired her ability to timely file.

The Board concluded that Nichols's evidence failed to establish that her medical conditions were severe enough to have prevented her from filing a petition for review or a request for an extension of time within a reasonable time of her discovery of the alleged fraud in December 2005—three months prior to her filing. The Board also rejected Nichols's argument that she failed to timely file her petition for review because she was preoccupied with pursuing her disability retirement application and searching for other employment. Thus, the Board dismissed Nichols's petition for review of the January 2004 initial decision as untimely.

As to Nichols's petition for review of the February 2006 initial decision, the Board agreed with the administrative judge and explained that Nichols had not demonstrated good cause for waiting ten months after withdrawing her Board appeal of OPM's decision to file her petition for enforcement. Accordingly, it denied the petition for review.

Nichols appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

The waiver of a regulatory time limit based on a showing of good cause "is a matter committed to the Board's discretion and [we] will not substitute [our] own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd, 966 F.2d 650, 653 (Fed. Cir. 1992).

Much of Nichols's argument on appeal is directed towards the merits of her fraud/misrepresentation assertion. That portion dealing with whether the court erred in finding that she did not show good cause for her delay in filing simply contains summary

assertions such as "[Nichols's] motion was filed within an appropriate period considering the circumstances surrounding her request" and "[t]he Appellant's motion should not have been dismissed as untimely. Her motion and appeal of the settlement agreement was timely. The issues raised in her motion must be addressed."

Nichols offers no explanation as to why she waited three months—December 2005 to March 2006—from the time she allegedly "receive[d] support of her allegations" until she first alleged fraud/misrepresentation in her petition for review.[1] Thus, Nichols failed to establish that she exercised due diligence or ordinary prudence in filing her petition for review of the January 2004 initial decision.

Turning to Nichols's challenge to the February 2006 initial decision, a party must file a petition for enforcement within a reasonable time once he has actual knowledge of the alleged breach of the settlement agreement. Poett v. Merit Sys. Prot. Bd, 360 F.3d 1377, 1380-81 (Fed. Cir. 2004). Here, the alleged breach occurred when the Air Force failed to use its best efforts to assist Nichols in her application for disability retirement. We see no error in the Board's conclusion that Nichols had not demonstrated good cause for waiting ten months after withdrawing her Board appeal of OPM's decision to file her petition for enforcement.

---

[1] In choosing December 2005 as when Nichols should have filed her petition for review, we have assumed without deciding that Nichols did not have a basis for filing her petition for review prior to receiving the documents allegedly supporting her fraud/misrepresentation contention.