**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PAMELA LONG,
               Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBERS
CH-1221-18-0286-C-1
CH-1221-18-0286-W-1

DATE: July 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Pamela Long</u>, Humboldt, Tennessee, pro se.

<u>Beth K. Donovan</u>, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed petitions for review of the initial decisions in these appeals, which dismissed her individual right of action (IRA) appeal as settled, and dismissed her petition for enforcement of that settlement agreement. Generally, we grant petitions such as these only in the following circumstances:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, we JOIN them for adjudication on review under 5 C.F.R. § 1201.36.[2]  We conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review in her compliance appeal, MSPB Docket No. CH-1221-18-0286-C-1.  Therefore, we DENY the petition for review in that appeal and AFFIRM the initial decision, which is now the Board's final decision on the appellant's petition for enforcement.  5 C.F.R. § 1201.113(b).  The appellant's petition for review of the initial decision dismissing as settled her IRA appeal, MSPB Docket No. CH-1221-18-0286-W-1, is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2　　The agency removed the appellant from her position as a GS-11 Perfusionist, and she filed an appeal.  *Long v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-18-0223-I-1, Initial Appeal File, Tab 1.  The agency subsequently rescinded her removal, and the administrative judge dismissed the

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and not adversely affect the interests of the parties.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b).  We find that these appeals meet the regulatory criteria, and therefore join them.  *See Tarr*, 115 M.S.P.R. 216, ¶ 9.

appeal as moot. *Long v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-18-0223-I-1, Initial Decision (0223 ID) (June 12, 2018). That initial decision became the Board's final decision when neither party filed a petition for review by July 17, 2018. 0223 ID at 4; *see* 5 C.F.R. § 1201.113(a).

¶3  The appellant also filed an IRA appeal. *Long v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0286-W-1, Initial Appeal File (IAF), Tab 1. The parties reached a settlement agreement in that matter. IAF, Tab 14. The administrative judge found that the agreement was lawful on its face and that the parties had freely entered into it, understood its terms, and intended to have the agreement entered into the record for enforcement purposes. IAF, Tab 16, Initial Decision (ID). She accepted the settlement agreement into the record for enforcement purposes and dismissed the appeal as settled. *Id.* That initial decision became the Board's final decision when neither party filed a petition for review by August 20, 2018. *Id.* at 4; *see* 5 C.F.R. § 1201.113(a).

¶4  On November 25, 2018, the appellant filed a petition for enforcement of the parties' settlement agreement. *Long v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0286-C-1, Compliance File (CF), Tab 1. She alleged the following: (1) the agency and her attorneys induced her to sign the settlement agreement through fraud, misrepresentation, and/or a threat to withdraw or alter the terms of the agreement; and (2) the agency breached the agreement when it failed to provide her a neutral employment reference, resulting in four nonselections for agency positions. CF, Tab 13 at 1-2.[3]

¶5  The administrative judge dismissed the appellant's petition for enforcement, finding that the appellant was not coerced into signing the agreement. CF, Tab 26, Compliance Initial Decision (CID) at 5-7. She rejected the appellant's argument that the statutory revocation provisions of the Age Discrimination in

---

[3] The appellant also alleged that the agency had failed to reinstate her health, dental, life, and vision insurance. CF, Tab 1 at 4, Tab 13 at 2. She withdrew these claims at the close of record conference, asserting that they were resolved. CF, Tab 13 at 2.

Employment Act (ADEA) or the Older Workers' Benefits Protection Act (OWBPA) applied in this case because there was no age discrimination claim set forth in the underlying IRA appeal. CID at 7-8. Alternatively, the administrative judge found that, even if the ADEA/OWBPA applied, the appellant did not revoke her agreement during the statutory revocation period. CID at 8. As to the appellant's allegation that the agency had violated the provision requiring it to give her a neutral employment reference, the administrative judge found that the appellant failed to demonstrate that the agency was not in material compliance. CID at 8-10. Lastly, regarding the timeliness of the petition for enforcement, the administrative judge found that the appellant had filed her petition within a reasonable amount of time after she became aware of the agency's alleged breach. CID at 10. In her compliance petition for review, the appellant repeats her contentions that the agency and her attorneys coerced her into signing the settlement agreement, she attempted to revoke the agreement during the ADEA/OWBPA revocation period, and the agency violated the neutral reference clause of their agreement. Compliance Petition for Review (CPFR) File, Tab 1 at 5. The agency has filed a response to the appellant's compliance petition for review. CPFR File, Tab 6.

¶6     Because it was unclear whether the appellant's compliance petition for review also applied to the initial decision dismissing her underlying IRA appeal as settled, the Office of the Clerk of the Board sent the appellant a letter to determine her intent. CPFR File, Tab 4. Instead of responding to the letter from the Clerk's Office, the appellant filed a petition for review of the initial decision dismissing her underlying IRA appeal as settled. Petition for Review (PFR) File, Tab 1. Because the petition for review was not received by the date that the initial decision in the appellant's IRA appeal became final, i.e., August 20, 2018, the Clerk's Office gave her notice that she must file a motion to (1) accept the filing as timely and/or (2) waive the time limit for good cause. PFR File, Tab 2 at 2; ID at 4. In her timeliness motion, the appellant essentially reiterates the

allegations set forth in her compliance appeal.  PFR File, Tab 3 at 4-8.  She does not address the timeliness of her petition for review.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to show that the administrative judge erred in denying her petition for enforcement.</u>

¶7      The Board will enforce a settlement agreement that was entered into the record in the same manner as a final Board decision or order.  *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  In response to an appellant's allegations of noncompliance, the agency must produce relevant material evidence of its compliance with the agreement, or show that there was good cause for noncompliance.  *Id.*  The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.  *Id.*

¶8      The appellant alleged in her petition for enforcement that the agency breached the requirement for it to give her a neutral employment reference.  CF, Tab 4 at 3.  Specifically, she alleged that a nurse practitioner, as well as several agency physicians and human resource officers, had communicated with the four

---

[4] After the close of the record on review, the appellant filed a motion to accept new evidence.  PFR File, Tab 10 at 4; *see* 5 C.F.R. § 1201.114(k).  Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review.  5 C.F.R. § 1201.114(a).  A motion to accept a pleading other than those listed must describe the nature of and need for the pleading.  5 C.F.R. § 1201.114(a)(5).  The appellant contends the new evidence, which concerns the merits of her IRA appeal, was not available until October 2019.  PFR File, Tab 10 at 4.  Under 5 C.F.R. § 1201.114(k), evidence submitted after the close of the record on review must be new and material as defined in 5 C.F.R. § 1201.115(d).  Nevertheless, even if we credit the appellant's assertion that the evidence was unavailable despite her due diligence when the record closed, the evidence is not material to the outcome in this case because it does not address the dispositive issues, i.e., the timeliness of the appellant's petition for review of the initial decision dismissing her IRA appeal as settled, and the agency's compliance with that settlement agreement.  *See* 5 C.F.R. §§ 1201.114(k), 1201.115(d).  Because the appellant fails to show that her new evidence is material, we deny her motion.  *Id.*

agency medical centers where she had applied for employment. CF, Tab 10 at 10, 12-13. Although the appellant contended that agency officials made slanderous, defamatory statements that accused her of the inability to perform the duties of her position, she failed to identify who made the alleged slanderous statements or the exact content of their statements. *Id.* In her compliance petition for review, the appellant merely restates her allegations that unnamed agency employees and officials contacted other agency medical centers and made slanderous statements about her. CPFR File, Tab 1 at 5.

¶9     As noted above, the administrative judge found that the appellant did not show that the agency failed to comply with the requirement that it give her a neutral reference. CID at 9-10. For the following reasons, we agree. The unrebutted declaration of the Human Resource Officer designated in the settlement agreement to field employment inquiries showed that she had not received an employment inquiry about the appellant. CID at 9; CF, Tab 11 at 23-25. The unrebutted declaration of the nurse practitioner named by the appellant as having communicated with potential employers stated that she had not spoken with anyone outside the appellant's facility about the appellant since April 2017, which was long before the July 7, 2018 execution of the parties' settlement agreement and therefore could not have violated it. CF, Tab 23 at 21.

¶10    The appellant's compliance petition for review provides no further details about the alleged slanderous statements. CPFR File, Tab 1. Given the lack of detail in her allegations, we agree with the administrative judge that the appellant's allegations constitute mere speculation. CID at 10. We also agree with the administrative judge that the appellant's nonselection for the positions at issue does not in and of itself demonstrate that the agency violated the neutral reference provision. *Id.* Thus, we affirm the administrative judge's finding that the appellant failed to show that the agency violated its obligation to give her a neutral employment reference. CID at 8-10.

¶11     As previously noted, in her petition for enforcement, the appellant also argued that the settlement agreement was invalid.  CF, Tab 12 at 3.  The administrative judge addressed the appellant's contentions regarding the validity of the settlement agreement in the compliance initial decision.  CID at 5-8.  An attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the appeal as settled.  *Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013).  Thus, the administrative judge arguably erred when she analyzed the appellant's contentions concerning the validity of the settlement agreement in adjudicating the petition for enforcement.  Any such error, however, does not provide a basis for reversing the compliance initial decision.  The administrative judge correctly found that the appellant failed to show that the agency breached the settlement agreement.

¶12     Moreover, as discussed above, the Clerk's Office sent the appellant a letter to determine whether, in filing her petition for review of the compliance initial decision, she also sought to challenge the initial decision dismissing her underlying IRA appeal as settled.  CPFR File, Tab 4.  Following the letter from the Clerk's Office, the appellant filed a petition for review of the initial decision dismissing her IRA appeal as settled.  PFR File, Tab 1.  Therefore, the appellant has been provided with the opportunity to challenge the validity of the settlement agreement in the proper context—namely, in a petition for review of the initial decision dismissing her appeal as settled.  *See Weldon*, 119 M.S.P.R. 478, ¶ 5.

The appellant's petition for review of the initial decision dismissing her IRA appeal as settled was untimely filed without good cause shown for the delay.

¶13     The appellant alleged that the agency and her attorneys induced her into signing the settlement agreement through fraud, misrepresentation, and/or threats to withdraw or alter its terms.  CF, Tab 1, Tab 10 at 4-5, 10-12, Tab 12 at 3; CPFR, Tab 1 at 5.  As noted above, in response to the letter from the Clerk's Office inquiring whether her compliance petition for review also challenged the

initial decision dismissing her IRA appeal as settled, the appellant filed a petition for review of the initial decision dismissing her IRA appeal as settled. CPFR File, Tab 4; PFR File, Tab 1. For the following reasons, we find that the appellant's petition for review was untimely filed without good cause shown for the delay.

¶14    An appellant may challenge the validity of a settlement agreement if she believes it was unlawful, involuntary, or the result of fraud, coercion, misrepresentation, or mutual mistake. *Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 10 (2009). Even if the invalidity is not apparent at the time of settlement, the settlement agreement must be set aside if it is subsequently shown, by new evidence, that the agreement is invalid. *Weldon*, 119 M.S.P.R. 478, ¶ 5. However, once an appellant discovers evidence that she claims establishes a valid reason to set aside the agreement, she must act with due diligence to file a petition for review with the Board or her petition for review will be dismissed as untimely filed. *See Armstrong v. Department of the Treasury*, 115 M.S.P.R. 1, ¶ 5 (2010) (finding that the filing of a petition for review less than 3 weeks after becoming aware of the basis of a valid reason to set aside the settlement agreement was diligent), *aff'd*, 438 F. App'x 903 (Fed. Cir. 2011).

¶15    The acknowledgment letter for the appellant's petition for review informed her that her petition was untimely filed because the July 16, 2018 initial decision dismissing her IRA appeal as settled became final on August 20, 2018. PFR File, Tab 2 at 2. As instructed in the acknowledgment letter, the appellant filed a motion to accept the filing as timely or waive the filing deadline for good cause, but, as noted above, she did not address the timeliness issue. PFR File, Tab 3. Instead, she argued the merits of her petition for review, reiterating her general allegations of fraud, misrepresentation, and/or threat, and contending that, on July 9, 2018, her attorneys prevented her from revoking or withdrawing her approval of the settlement agreement. *Id.* at 4-5.

¶16　　　　The appellant's claim that the settlement agreement is invalid is premised on two distinct contentions.　First, she alleged that the agency threatened to withdraw or alter the terms of the agreement if she did not sign it within 24 hours. CF, Tab 10 at 10; PFR File, Tab 1 at 8.　Second, she argued that she tried to revoke the settlement agreement during the 7-day revocation period provided under the ADEA/OWBPA, but her attorney would not allow it.　CF, Tab 10 at 4-5, 9-12; PFR File at 5-6, 8-9.　Because the record reflects that the appellant discovered the evidence that she claims provides a valid reason to set aside the parties' settlement agreement in July 2018, and did not file the petition for enforcement in which she first made these arguments until November 2018, we find that her petition for review of the initial decision dismissing her IRA appeal as settled was untimely filed without good cause shown.

¶17　　　　As noted above, the appellant argued that the parties' settlement agreement was invalid because the agency or her attorneys coerced her into signing the agreement, and would not allow her to revoke it.　CF, Tab 1 at 4, Tab 10 at 4-5, 9-12, Tab 12 at 3, Tab 22 at 30, 36-38, 40-42, 137.　She consistently claimed therein that this happened between July 6 and 11, 2018.　CF, Tab 1 at 4, Tab 10 at 4-5, 9-12, Tab 12 at 3, Tab 22 at 30, 36-38, 40-42, 137.　The appellant made the same contentions in her petition for review of the initial decision dismissing her IRA appeal as settled.　PFR File, Tab 1 at 5-22, 87.　Thus, the record shows that she discovered an allegedly valid reason to set aside the settlement agreement no later than July 11, 2018.　The administrative judge issued the initial decision dismissing the appellant's IRA appeal as settled on July 16, 2018, and it became final on August 20, 2018.　ID at 4; *see* 5 C.F.R. § 1201.113(a).　However, the appellant filed her petition for enforcement, in which she first argued that the settlement agreement was invalid, on November 25, 2018—98 days after the initial decision became final.　CF, Tab 1.

¶18　　　　Waiting to challenge the settlement agreement as invalid for over 3 months after the initial decision became final, where the record shows that she discovered

the evidence that she claims established a valid reason to set aside the agreement within days after signing the agreement, does not show diligence. *See Hawley v. Social Security Administration*, [108 M.S.P.R. 587](#), ¶ 5 (2008) (finding that a delay of 4 months after discovering evidence of an unexpected change in a settlement agreement and a further delay of 2 months following an unsuccessful attempt to resolve that discrepancy before filing a petition challenging the validity of the agreement was not diligent); *Nichols v. Department of the Air Force*, [102 M.S.P.R. 551](#), ¶ 9 (2006) (finding that an appellant failed to show good cause for the late filing of her petition for review where she claimed she was waiting for documents from a Freedom of Information Act request, yet still waited 3 months after receiving those documents before filing it), *aff'd*, 253 F. App'x 961 (Fed. Cir. 2007); *Fritz v. Department of the Air Force*, [59 M.S.P.R. 87](#), 89-90 (finding that an appellant did not establish that he acted with diligence where evidence showed that he became aware of the agency's alleged misrepresentation regarding a settlement agreement 2 months prior to filing his petition for review); *Saunders v. Department of the Interior*, [56 M.S.P.R. 671](#), 673-74 (1993) (finding that an appellant did not show due diligence or ordinary prudence where he delayed for 8 weeks before raising the agency's alleged misrepresentation in relation to a settlement agreement); *cf. Armstrong*, [115 M.S.P.R. 1](#), ¶ 5 (finding a petition filed less than 3 weeks after the discovery of evidence establishing a valid reason to set aside the agreement was diligently filed). Accordingly, we dismiss the appellant's petition for review of the initial decision that dismissed her IRA appeal as settled because we find that it was untimely filed without good cause shown for the delay.

## ORDER

¶19        The initial decision on the appellant's petition for enforcement constitutes the Board's final decision in that matter. [5 C.F.R. § 1201.113](#). This is the final decision of the Merit Systems Protection Board regarding the timeliness of the

petition for review of the initial decision dismissing the appellant's IRA appeal as settled. The initial decision in that appeal remains the final decision of the Board regarding the appellant's IRA appeal. *Id.*

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.